**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CRANBROOK SENIOR LIVING, LLC,<br>a Michigan Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>RESORT LIFESTYLE COMMUNITIES, INC.,<br>a Nebraska corporation; and<br>WILLOW PINES RETIREMENT COMMUNITY<br>LLC, a Nebraska limited liability company,<br><br>Defendants.<br>_______________________________ | ) | Civil Action No. _______________<br><br>Hon. _________________________ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Cranbrook Senior Living, LLC, by its attorneys Dykema Gossett PLLC, states as follows for its complaint against Resort Lifestyle Communities, Inc. and Willow Pines Retirement Community LLC:

**THE PARTIES**

1. Plaintiff Cranbrook Senior Living, LLC, ("Cranbrook"), is a Michigan limited liability company with its principal place of business located at 1450 West Long Lake Rd., Suite 300, Troy, Michigan 48098.

2. Defendant Resort Lifestyle Communities, Inc., ("RLC"), is a Nebraska corporation with its principal place of business at 7101 S 82nd St, Lincoln, Nebraska 68516.

3. Upon information and belief, Defendant Willow Pines Retirement Community LLC, ("Willow Pines"), is a Nebraska limited liability company, wholly owned by Defendant RLC,

and sharing its principal place of business with RLC at 7101 S 82nd St., Lincoln, Nebraska 68516.Lincoln, NE 68516

**JURISDICTION**

4. This is a suit for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1051 et seq.; false designation of origin under Section 43(a)(1) of the Lanham Act; trademark dilution under Section 43(c) of the Lanham Act; and for common law unfair competition and unjust enrichment. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338 and the doctrines of ancillary and pendent jurisdiction.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391.

**FACTS**

6. Plaintiff Cranbrook is in the business of providing residential retirement communities, continuing care retirement communities, assisted living facilities, and independent living facilities (the "Services") under the names Cedarbrook Senior Living, Cedarbrook of Bloomfield Hills, Cedarbrook of Northville, and Cedarbrook of Rochester.

7. Plaintiff Cranbrook has used, and is currently using, the slogan "CELEBRATING LIFE EVERYDAY" as a service mark (the "Service Mark") to distinguish the Services from the goods and services of others.

8. Plaintiff Cranbrook has prominently displayed the Service Mark in advertising and promotional materials for the Services, which have been distributed to the public online, in traditional print advertising, and in other materials promoting the Services.

9. As a result of Plaintiff's promotion and marketing efforts, and the quality of Plaintiff's Services, the Service Mark CELEBRATING LIFE EVERYDAY is widely and favorably known. The Service Mark has become a valuable asset of Cranbrook and a symbol of its goodwill.

10. Due to Plaintiff Cranbrook's exclusive, prior, and continuous use, the Service Mark has become the exclusive property of Cranbrook. Furthermore, such use has caused the Service Mark to acquire a meaning exclusively with Plaintiff's Services, and serves to distinguish the Services from the services of others.

11. In recognition of the distinctive nature of the "CELEBRATING LIFE EVERYDAY" Service Mark, the U.S. Patent and Trademark Office issued Registration No. 4,632,171 for "CELEBRATING LIFE EVERYDAY" on November 4, 2014. A copy of the registration is attached hereto as Exhibit A. Copies of examples of Plaintiff's use of the Service Mark are attached as Exhibit B.

12. Upon information and belief, Defendants are engaged in the business of providing residential retirement communities under various names, including but not limited to Willow Pines, located at 17901 Cross Road, Northville, MI 48168.

13. Defendants advertise, market and sell services that directly compete with the Services offered by Plaintiff.

14. On or about mid-May 2021, Plaintiff discovered that Defendants were using the slogan "Celebrate Life" on the Willow Pines web site to advertise and market their services.

15. On May 27, 2021, Plaintiff's counsel sent Defendants a letter warning them not to expand their use of "Celebrate Life" as a service mark for residential retirement communities. A copy of this letter is attached as Exhibit C.

16. Defendants did not respond. Therefore, on December 20, 2021, Plaintiff's counsel sent a follow up letter to Defendants expressly asking for a response to the letter dated May 27, 2021. A copy of this follow up letter is attached as Exhibit D.

17. Defendants never responded to either of these letters.

18. Rather, on information and belief, and despite Plaintiff's continuous and exclusive use of its Service Mark CELEBRATING LIFE EVERYDAY, Plaintiff's ownership of that Service Mark, and Plaintiff's warnings to Defendants not to expand their use of "Celebrate Life", Defendants adopted a colorable imitation of the CELEBRATING LIFE EVERYDAY Service Mark and have used that colorable imitation in connection with competing services, including services in Southeast Michigan. In particular, Defendants specifically targeted residents of Plaintiff's Cedarbrook of Northville residential retirement community by sending them direct mail post card solicitations which prominently say, "This year resolve to celebrate life every day!" An example of the Defendants' infringing direct mail advertising post card is attached as Exhibit E.

19. On information and belief, Defendants' conduct described above is part of a deliberate plan to trade on Plaintiff's goodwill and to otherwise unfairly compete with Plaintiff and benefit therefrom.

20. Rather than heed Plaintiff's warning, Defendant did, in fact, expand its usage to include the words EVERY DAY!, thus coming even closer to Plaintiff's Service Mark.

21. Defendants' wrongful acts have caused damages to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

22. Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as if set forth in full herein.

23. Plaintiff is the owner of all right, title, and interest in and to the Service Mark CELEBRATING LIFE EVERYDAY.

24. Upon information and belief, Defendants have used, and are currently using "CELEBRATE LIFE EVERY DAY!" in commerce in connection with the sale, offering for sale, distribution or advertising of residential retirement community services, and have confused

customers or potential customers to falsely believe they are Plaintiff or are affiliated with Plaintiff. Such use is without the consent of Plaintiff.

25. Defendants' use of CELEBRATE LIFE EVERY DAY! is likely to cause confusion, mistake, or deception as to:

(a) Defendants' affiliation, connection, or association with Plaintiff; and/or

(b) the origin, sponsorship, or approval of Defendants' products, services, or commercial activities by Plaintiff.

23. Plaintiff has been damaged by Defendants' use of the slogan CELEBRATE LIFE EVERY DAY! and is likely to be further damaged by Defendants' continued use of this slogan. In particular, Defendants' use of this slogan is likely to cause Plaintiff's CELEBRATING LIFE EVERYDAY Service Mark to lose its significance as an indicator of origin.

24. Upon information and belief, Defendants adopted and first used colorable imitations of, and designations substantially identical to, Plaintiff's CELEBRATING LIFE EVERYDAY Service Mark with full knowledge of Plaintiff's rights. Therefore, Defendants have willfully infringed such rights.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. §1125(a)(1)**

25. Plaintiff hereby incorporates the allegations of paragraphs 1-24 as if set forth in full herein.

26. Plaintiff is the owner of all right, title, and interest in the CELEBRATING LIFE EVERYDAY Service Mark.

27. On information and belief, Defendants have used and are currently using the designation CELEBRATE LIFE EVERY DAY! in commerce in connection with a residential

retirement community located in 17901 Cross Road, Northville, MI 48168. Such use is without the consent of Plaintiff.

28. Defendants' use of the designation CELEBRATE LIFE EVERY DAY! is likely to cause, and has actually caused confusion, mistake, or deception as to:

(a) Defendants' affiliation, connection, or association with Plaintiff; and/or

(b) the origin, sponsorship, or approval of Defendants' services, or commercial activities by Plaintiff.

29. Defendants' use of the designations CELEBRATE LIFE EVERY DAY! misrepresents the nature, characteristics, and/or qualities of Defendants' services and commercial activities.

30. Plaintiff has been damaged by Defendants' use of the designation CELEBRATE LIFE EVERY DAY! and is likely to be further damaged by Defendants' continued use of the designation. In particular, Defendants' use of the designation CELEBRATE LIFE EVERY DAY! is likely to cause Plaintiff's Service Mark to lose its significance as an indicator of origin.

31. Upon information and belief, Defendants adopted and first used a colorable imitation of, and designation substantially identical to, Plaintiff's Service Mark with full knowledge of Plaintiff's rights. Therefore, Defendants have willfully infringed such rights.

**COUNT III**

**<u>COMMON LAW UNFAIR COMPETITION</u>**

32. Plaintiff hereby incorporates the allegations of paragraphs 1-31 as if set forth in full herein.

33. Plaintiff and Defendants are competitors, offering the same services, i.e., residential retirement communities.

34. Defendants' actions as set forth herein are designed to unfairly compete with Plaintiff and constitute unfair competition under the common law of the state of Michigan.

35. Plaintiff has suffered irreparable harm and monetary damages as the direct and proximate result of Defendants' actions.

**COUNT IV**

**UNJUST ENRICHMENT**

36. Plaintiff hereby incorporates the allegations of paragraphs 1-35 as if set forth in full herein.

37. By the aforesaid conduct, Defendants have received a benefit by avoiding the labor and expense of independently developing a source designating mark and the goodwill associated therewith.

38. Upon information and belief, Defendants have further benefited by selling services it would not otherwise have been able to sell. These benefits have come at the expense of Plaintiff, and it would be inequitable for Defendants to retain the benefits.

39. Defendants have been unjustly enriched.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court enters judgment in its favor against Defendants as follows:

A. Finding that Plaintiff's rights in and to the Service Mark are valid, enforceable and have been infringed by Defendants;

B. Finding that Defendants have willfully infringed Plaintiff's rights;

C. Ordering that Defendants, their agents, servants, employees and all persons in active concert or participation with them, are preliminarily and permanently enjoined and restrained from:

(1) using Plaintiff's Service Marks or colorable imitations thereof and other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights, including but not limited to "CELEBRATE LIFE EVERY DAY!," or any phrase or slogan containing the words "Celebrate" and Life" and "Everyday" or "Every" and "Day" in close proximity;

(2) advertising under Plaintiff's Service Mark, colorable imitations of Plaintiff's Service Mark, or other designs, designations and indicia which are likely to cause confusion, mistake or deception with respect to Plaintiff's rights;

(3) informing customers or potential customers that they are Plaintiff, or are affiliated with, Plaintiff;

(4) operating any domain name containing the words "Celebrate" and Life" and "Everyday" or "Every" and Day" in close proximity;

(5) using the designation "Celebrate" and Life" and "Everyday" or "Every" and "Day" or any variations thereof within meta-tags for, or as html codes for, Defendant's websites; and

(6) otherwise infringing Plaintiff's rights in its Service Mark and competing unfairly with Plaintiff.

D. Ordering Defendants to pay to Plaintiff such damages, statutory or otherwise, together with prejudgment interest thereon, as Plaintiff has sustained in consequence of Defendants' unlawful acts, and to account for and return to Plaintiff any monies, profits, and advantages gained by Defendants.

E. Ordering that all damages sustained by Plaintiff be trebled.

F. Ordering that Defendants are required to pay to Plaintiff punitive and exemplary damages.

G. Ordering Defendants to pay Plaintiff the costs and disbursements of this action, and that reasonable attorney's fees are allowed to Plaintiff by this Court.

H. Granting Plaintiff such other and further relief as this Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all issues so triable.

Respectfully submitted,

DYKEMA GOSSETT PLLC

Dated: January 18, 2023

By: s/Jill M. Wheaton

Jill M. Wheaton (P49921)
Dykema Gossett, PLLC
2723 S. State St., Suite 400
Ann Arbor, MI 48104
(734) 214-7629

and

Eric T. Fingerhut
Dykema Gossett, PLLC
1301 K Street, N.W., Suite 1100 West
Washington, D.C. 20005
(202) 906-8600
Fax (202) 663-8007

Attorneys for Plaintiffs

INDEX TO EXHIBITS

A. United States Trademark Registration No. 4,632,171

B. Examples of Plaintiff's use of the Mark

C. May 27, 2021 letter from Plaintiff's counsel to Defendant

D. December 20, 2021 letter from Plaintiff's counsel to Defendant

E. Example of Defendants' use of the Mark